Cayetano Lasso, Luis Lasso De la Vega López, etc., demandantes y apeladas, *v.* Iglesia Pentecostal La Nueva Jerusalem y otros, demandadas y apelantes; Estado Libre Asociado de Puerto Rico, interventor y recurrente.

*Números:* CE-87-829          *Resueltos:* 16 de agosto de 1991
RE-88-54

## RESOLUCIÓN

Sala integrada por su Presidente el Juez Asociado Señor Rebollo López, la Juez Asociada Señora Naveira de Rodón y el Juez Asociado Señor Andréu García.

Vistas las mociones de reconsideración presentadas por la parte demandada apelante y por la parte demandante apelada, el Tribunal deniega las mismas.

Lo acordó el Tribunal y certifica el señor Secretario General. El Juez Asociado Señor Rebollo López reconsideraría en relación con la moción de la parte demandada apelante y emitió voto particular a esos efectos. El Juez Asociado Señor Andréu García hace constar que, en relación con la moción de reconsideración presentada por la parte demandante apelada, reitera su posición original.

(*Fdo.*) Francisco R. Agrait Lladó
*Secretario General*

— O —

Voto particular emitido, en etapa de reconsideración, por el Juez Asociado Señor Rebollo López.

I

Las decisiones que emite este Tribunal no están, de ordinario, muy asequibles a la gran mayoría de nuestra ciudadanía; ello por razón de que las publicaciones oficiales y

autorizadas que de las mismas se realizan están, principalmente, dirigidas a la clase togada del País. El ciudadano común y corriente, en consecuencia, por lo general desconoce no sólo el resultado a que se llega en las mencionadas decisiones y los fundamentos que el Tribunal, o sus integrantes, aducen en apoyo de dicho resultado, sino que ignora la norma jurisprudencial establecida, la cual constituye doctrina vinculante y obligatoria en nuestra jurisdicción. Es por ello que resulta de *cardinal importancia* que la información que respecto a dichas decisiones se brinde, para beneficio de la ciudadanía en general, sea una fiel y exacta.

Posiblemente debido a la carencia de conocimiento del derecho por parte de las personas que reseñaron la decisión emitida por el Tribunal, en el presente caso lamentablemente se interpretó mal la decisión emitida, situación que causó que el público en general fuera erróneamente informado. Conforme a la información que se le brindara a la ciudadanía puertorriqueña respecto a la Sentencia que en el caso del epígrafe emitiera el Tribunal —y sobre las ponencias individuales de algunos de los integrantes de este Foro— el ciudadano común y corriente con toda probabilidad entiende, y está convencido, del hecho de que este Tribunal le ha "dado su bendición" al ejercicio de la anarquía, por parte de las instituciones religiosas, en nuestra jurisdicción. Esto es, desafortunadamente se ha dado la *errónea* impresión que este Tribunal ha resuelto que las instituciones religiosas pueden retrasmitir los servicios religiosos que llevan a cabo de la forma y manera que entiendan conveniente y que los ciudadanos, vecinos de dichas instituciones religiosas, están total y completamente indefensos ante el ruido estentóreo, y dañino al ser humano, que ello pueda producir. *Nada más lejos de la verdad*. Una lectura *completa, objetiva e informada* de lo expresado en las ponencias certificadas en el caso demuestra, sin lugar a dudas, que la realidad de lo decidido es otra.

Lo sucedido ciertamente es motivo de honda preocupación. *Ello así por cuanto la información reportada entraña el grave peligro de que los ciudadanos, realmente afectados por una situación de ruido ilegal, no acudan a los tribunales de justicia con el propósito de vindicar sus derechos; ello, desafortunadamente, por razón de equivocadamente entender que el Tribunal, en el caso del epígrafe, ya resolvió que ellos no tienen derecho a así hacerlo por lo que su acción a esos efectos sería una fútil.*

Resulta, en síntesis, verdaderamente desafortunado y lamentable que la ciudadanía no haya sido adecuadamente informada como consecuencia de una interpretación errónea de la decisión emitida. Las personas que tienen esa responsabilidad en nuestro País deberían de estudiar la conveniencia de procurar asesoramiento legal respecto a decisiones judiciales complicadas antes de reseñar las mismas. Ello ayudará a mantener la rica tradición que siempre ha distinguido a la profesión en la cual laboran, profesión que se ha caracterizado por su objetividad, precisión y lealtad a la verdad.

## II

Al originalmente disentir el pasado 28 de junio de 1991, expresamos que revocaríamos totalmente la sentencia que en el caso emitiera el Tribunal Superior de Puerto Rico, Sala de Caguas. Hoy reafirmamos ese criterio.

La *única* prueba *objetiva e imparcial* que desfiló ante el tribunal de instancia respecto a la *alegada* severidad del ruido que producían los servicios religiosos que llevaba a cabo la iglesia demandada —*consistente dicha prueba nada menos que del testimonio de un técnico de la Junta de Calidad Ambiental que midió con los instrumentos apropiados el nivel de ruido en el lugar*— demostró que dicho nivel *no excedía de los decibeles que permite la ley* que regula el control de la contaminación por ruido. Dicho tes-

tigo, vale la pena enfatizar, fue presentado por la propia parte demandante. Por otro lado, procede igualmente que se enfatice el hecho de que la iglesia demandada cuenta con el *permiso correspondiente* emitido por la Administración de Reglamentos y Permisos (A.R.Pe.) para poder estar localizada en el vecindario en controversia.

Cabe preguntarse: *¿puede condenarse a pagar daños, por alegados ruidos ilegales, a una persona o institución que, estando legalmente situada, produce unos niveles de ruido que están dentro de los límites razonables que establece la legislación aplicable?* La contestación en la *negativa* parece ser obvia. *En nuestra opinión, ninguna persona debe ser sentenciada a pagar una indemnización monetaria por incurrir en actos que la ley establece y decreta que son legales.*

Es por ello que disentimos.